CARMEN y ROSA ROSARIO MARRERO, demandantes y apeladas, *v.* JOSÉ JIMÉNEZ, demandado y apelante.

Núm. 8858.—*Sometido:* Enero 28, 1944. *Resuelto:* Marzo 31, 1944.

*José Veray, Jr.,* abogado del apelante; *Luis Antonio Rosario,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La cuestión envuelta en este recurso virtualmente se reduce a determinar si hubo o no error en la apreciación de la prueba.

La de las demandantes apeladas tiende a demostrar que éstas son las únicas y universales herederas de su madre Práxedes Marrero, conocida también por Pasita Marrero, quien a su fallecimiento el 14 de julio de 1937 dejó una casa de su exclusiva propiedad valorada en quinientos cincuenta dólares, construída por ella en el año 1921. En apoyo del título que reclaman sobre la casa, las demandantes apeladas, en adición a la prueba testifical que presentaron, ofrecieron en evidencia y fué admitida la siguiente prueba documental: (*a*) documento privado de fecha 5 de junio de 1923, en el cual Laureano Rodríguez y Dionisio Medina manifestaron que habían construído para Práxedes Marrero una casa de madera techada de zinc, con dinero y materiales facilitados por dicha señora; (*b*) un permiso firmado por el ingeniero sanitario del distrito, fechado el 15 de julio de 1921, autorizando a Práxedes Marrero a trasladar una casa de madera a la calle Comercio de Aguadilla; (*c*) un recibo suscrito el 4 de agosto de 1921 por el recaudador auxiliar municipal de Aguadilla a favor de la misma señora, por la cantidad de un dólar, por concepto de licencia para edificar una casa en la calle Comercio de Aguadilla, y (*d*) un plano sometido al Departamento de Sanidad, en el cual la indicada señora solicitó autorización para trasladar una casa de su propiedad a un solar de la calle Comercio de Aguadilla, plano que aparece endosado por el Comisionado Municipal de Sanidad B. Jiménez Serra el 7 de julio de 1921.

Declaró además una de las demandantes que en vida de su causante Práxedes Marrero, ésta alquiló al demandado una habitación en dicha casa por canon de tres dólares mensuales; que después de fallecida la señora Marrero, sus hijas las apeladas requirieron al apelante para que desocupase la habitación; que rehusó éste desocuparla, por lo que presentaron contra él una demanda de desahucio. Que con el propósito de suscitar como suscitó en el pleito de desahucio un conflicto de títulos, hizo preparar el demandado un acta de edificación suscrita por el propio demandado el 14 de octubre de 1937 ante el notario José Veray, Jr., su abogado, acta que presentó en evidencia en el pleito de desahucio, logrando así que fuera desestimada la demanda por haberse suscitado el conflicto de títulos a que nos referimos anteriormente, por lo que las demandantes se vieron precisadas a presentar la acción reivindicatoria que motivó la sentencia objeto de este recurso.

La evidencia del demandado tendió a probar que la casa en cuestión fué construída por él, y en apoyo de su declaración presentó el acta de edificación a que hubimos de referirnos al reseñar la prueba de las demandantes. Tendió también a demostrar la prueba que la casa en controversia tenía un valor mucho menor de quinientos dólares, por lo cual impugnaba la jurisdicción de la corte. Declaró además el demandado que allá por el 1919, construída ya la casa por él, Práxedes Marrero, causante de las demandantes apeladas, vino a vivir con él en carácter de concubina, y al fallecimiento de ella aun vivía maritalmente con el demandado.

Admite el demandado que las demandantes son las únicas herederas de Práxedes Marrero, pero sostiene que como la casa no pertenecía a Práxedes Marrero, no tienen ellas derecho alguno a la misma.

La corte dirimió el conflicto de la prueba a favor de las demandantes, y no podemos sostener que al así hacerlo incurriera en manifiesto error.

Concedemos que incurrió en error la corte inferior al admitir en evidencia el escrito suscrito por Laureano Rodríguez y Dionisio Medina, quienes debieron haber venido a declarar brindando así al demandado la oportunidad de repreguntarles. De igual modo era inadmisible el acta de edificación presentada por el demandado, puesto que claramente era *self-serving evidence*. Pero eliminando de la prueba de las demandantes el documento suscrito por Laureano Rodríguez y Dionisio Medina, el resto de la evidencia sostiene suficientemente la conclusión a que llegó la corte sentenciadora, *por lo que procede la confirmación de la sentencia apelada.*